GUY MITCHELL ET AL., APPELLANTS, v. VERA WILCOX ET AL., APPELLEES.

139 N. W. 2d 293

Filed January 4, 1966. No. 36029.

Aten & Noble, for appellants.

Anderson, Storms & Anderson, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

The principal issue in this declaratory judgment action is the adequacy of the consideration for a real estate conveyance under a power of sale annexed to a devise of a life estate. The district court upheld the transaction, and plaintiffs have appealed.

The subject matter of the conveyance is an apartment house located in Alma, Nebraska. The owner, Margaret M. Wilcox, died on May 11, 1962, leaving a will in which the power of sale was coupled with a devise of the life estate to her husband, Henry Edwin Wilcox. She devised the remainder interest in unsold land to her two brothers and a sister, who are plaintiffs. The testamentary language is as follows:

"I * * * devise to Henry Edwin Wilcox a life estate in all of the remainder of my real estate * * *, and I hereby vest in * * * (him) full power and authority to sell and dispose of said real estate, or to mortgage the same, and to execute, acknowledge and deliver deeds, contracts, mortgages, notes, and other instruments required to carry this power into effect without the authority of any court whatsoever. Upon the termination of said life estate, all such real estate not sold by * * * Henry * * * shall descend to * * * (plaintiffs)."

In another paragraph Margaret devised to her husband

as trustee an undivided one-half interest in 800 acres of land located in Colorado. After payment of mortgage installments, taxes, and expenses the trustee was to distribute the income to himself individually for life. Five years after the death of Henry the successor trustee was to sell the property and distribute the proceeds.

On May 18, 1962, Henry executed a warranty deed conveying the fee in the apartment house for $1 and other valuable consideration. The grantee was defendant Vera Wilcox, the widow of a son of Henry and Margaret. Henry delivered the deed to his attorney with instructions to hold it for future escrow.

On May 26, 1962, Henry and Vera signed an instrument which recited that for more than 2 years she had faithfully and constantly attended him and Margaret without adequate compensation; that his health was frail; that he needed the services of Vera as nurse and housekeeper; and that he had delivered the warranty deed to be held in escrow.

In the operative part of the instrument the parties agreed that in compensation for the past services rendered by Vera the escrow agent was to deliver the deed to her upon the happening of certain conditions which included the following: Vera should continue to care for him and to keep house, and all household expenses and a monthly "stipend" of $100 were to be his obligation. He reserved the right during his lifetime to occupy the premises and to receive the rents and profits.

The parties also agreed that in addition to, and as a part of, the consideration Henry was selling her all his personal property, furniture and fixtures, and household goods used in the apartments in the house, the sale being subject to his life estate.

Vera's services had commenced in January 1960 with her removal from California to the apartment house at the request of Henry. On March 10, 1960, they entered into a written contract of employment. It recited that Margaret needed an attendant because of her advanced

age and infirmities. Vera agreed to live with them and to render services including laundry, housekeeping, cooking for occupants, and care of Margaret. Henry agreed to provide board and room and to pay Vera $100 per month plus an annual bonus of $100 conditioned on faithful performance. The contract was terminable by either party on prior written notice of 2 weeks. Vera fully performed this agreement as well as the conditions of the escrow.

The health history of Henry prior to the escrow is indefinite. He recuperated from illness many times. He signed the escrow agreement at home subsequent to a hospitalization, but he was getting along all right. Only age suggested that he was soon to die, but death occurred May 30, 1962. Neither the nature of his illness nor the cause of his death is shown.

A transfer of property by a donee of a power of sale annexed to a life estate must be made in good faith for an adequate consideration; and if the donee exceeds his authority, the court will revise his judgment. Attebery v. Prentice, 158 Neb. 795, 65 N. W. 2d 138; Abbott v. Wagner, 108 Neb. 359, 188 N. W. 113.

To label the transaction in question a gift, plaintiffs seize upon the provision in the escrow agreement that the conveyance was additional compensation for past services. The provision for future services is said to have been a condition in a gratuitous promise.

There was no gift. The 1960 contract had terminated at the death of Margaret, and the 1962 contract was not a gratuitous modification. To call the provision for future services a condition of a gift is to disregard intention and place form ahead of substance. The benefit to Henry is undeniable, and the benefit was bargained for.

" 'It is often difficult to determine whether words of condition in a promise indicate a request for consideration or state a mere condition in a gratuitous promise. An aid, though not a conclusive test in determining

which construction of the promise is more reasonable is an inquiry whether the happening of the condition will be a benefit to the promisor. If so, it is a fair inference that the happening was requested as a consideration * * *.'" Allegheny College v. National C. Co. Bank, 246 N. Y. 369, 159 N. E. 173, 57 A. L. R. 980. See, also, 1 Williston on Contracts (3d ed.), § 112, p. 445.

The argument on adequacy of the consideration is directed to evidence of Henry's motives and to a comparison of the terms of the 1960 and 1962 contracts. The value of the land and personal property was not proved, but in the posture of the argument this failure should be added to other intangibles affecting the contract. The parties have made nothing out of the omission, and monetary worth apparently is not significant if plaintiffs' contentions are not well taken.

Oral statements made by Henry subsequent to the death of Margaret indicate a mixture of motives. He asked plaintiffs to sign a release on the ground that Margaret had made a mistake in her will. They refused and no form was prepared. Another oral statement may be related indirectly. Henry told Vera that she was to have the house because she had been good to him. The implications of the declarations are diluted by other evidence. Henry himself had little personal property, and at that time personal property was not on hand for payment of debts and administration expenses in the estate of his wife.

We look at the consideration as of the time of the contract. See Dalton v. Florence Home for the Aged, 154 Neb. 735, 49 N. W. 2d 595. Henry's motives were consistent with a valid agreement. No doubt affectionate care was an important element of the contract, and properly so. See, Copass v. Wilborn, 139 Neb. 124, 296 N. W. 565; Griffin v. Kitchen, 225 Mass 331, 114 N. E. 431. In our opinion Henry did not push gratitude and affection to the point of an inadequate consideration. Our conclusion is not weakened by a comparison of the

two contracts. One consideration cannot be measured fairly by the other. If the services rendered under the contracts had the same value, we meet the recital in the later one concerning inadequate compensation. If the services had different values, the comparison fails on this record.

Plaintiffs also say that Henry's income from the Colorado land was sufficient for his support and consequently that the sale of the apartment house was unnecessary. We do not know the amount of his income or his prospective income, but we do know that he had little personal property. Margaret gave him some latitude of judgment, and his decision to sell respected her testamentary intention.

The judgment was correct and it is affirmed.

AFFIRMED.